UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
EMERALD ASSET ADVISORS, LLC,

        Plaintiff,

        -against-

**ORDER**
11-cv-1871 (ADS)(WDW)

H. CY SCHAFFER, SUSAN WONG,
MASTERMIND VENTURE PARTNERS,
SHANE A. SWETEL, SELECTIVE
DEVELOPMENT, LLC, WALTER ROSS, and
ROSS PACIFIC TRADE CORP.,

        Defendants.
----------------------------------------------------------X

**Jeffrey L. Rosenberg & Associates, LLC**
*Attorneys for the Plaintiff*
425 Park Avenue, 5th Floor
   By:   Jeffrey L. Rosenberg, Esq., Of Counsel

**H, Cy Schaffer, Pro Se**
P.O. Box 777161
Henderson, NY 89077

**NO APPEARANCE:**

Susan Wong
Mastermind Venture Partners
Shane A. Swetel
Selective Development, LLC
 Walter Ross
Ross Pacific Trade Corp.

**SPATT, District Judge.**

On April 15, 2011, the Plaintiff Emerald Asset Advisors, LLC ("the Plaintiff") commenced this action against the Defendants H. Cy Schaffer ("Schaffer"), Susan Wong ("Wong"), Mastermind Venture Partners ("MVP"), Shane A. Swetel ("Swetel"), Selective Development, LLC ("Selective"), Walter Ross ("Ross") and Ross Pacific Trade Corp. ("Ross Pacific," and collectively, "the Defendants"). The Plaintiff asserts the following ten causes of action: (1) a claim for fraudulent misrepresentation against Wong and MVP; (2) a claim for negligent misrepresentation against Wong and MVP; (3) a claim for breach of fiduciary duty against Schaffer, Wong and MVP; (4) a claim for

promissory estoppel and detrimental reliance against Wong and MVP; (5) a second claim for promissory estoppel and detrimental reliance against Wong, Schaffer, Swetel, Selective, Ross and Ross-Pacific; (6) a claim for unjust enrichment against Wong, Schaffer, Swetel and Selective; (7) a claim for conversion against Schaffer; (8) a claim for civil conspiracy to commit conversion against Schaffer, Wong, Swetel and Selective; (9) a claim for aiding and abetting conversion against Schaffer, Wong, Swetel and Selective; (10) a claim for breach of implied covenant of good faith and fair dealing against Wong, MVP and Schaffer. As such, the Plaintiff seeks to recover damages in the sum of $200,000, plus accrued interest, and for its costs, expenses and fees.

On January 16, 2013, the Plaintiff requested a certificate of default as against the Defendant MVP and, that same day, January 16, 2013, the Clerk of the Court noted the default of MVP. Thereafter, on January 26, 2013, the Plaintiff moved for a default judgment against the Defendant MVP. On February 28, 2013, this Court referred the matter to United States Magistrate Judge William D. William for a recommendation as to whether the motion for a default judgment should be granted, and if so, (1) whether damages should be awarded, including reasonable attorneys' fees and costs, and (2) whether any other relief should be granted.

On August 22, 2013, Judge Wall issued a Report and Recommendation (the "Report") recommending that (1) a default judgment be entered against the Defendant MVP as to the claims of fraudulent misrepresentation, negligent misrepresentation, breach of fiduciary duty and promissory estoppel; (2) the Court find that the Plaintiff has failed to establish a claim of breach of implied covenant of good faith and fair dealing against the Defendant MVP; and (3) because there are multiple defendants, the calculation of damages against the Defendant MVP be deferred until the case is resolved as to the non-defaulting defendants. (Report at 1.) On August 30, 2013, the Plaintiff served the Report on the Defendant MVP. To date, there have been no objections filed to the Report.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1)(C).

2

"To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). The Court has reviewed Judge Wall's Report and finds it to be persuasive and without any legal or factual errors. There being no objection to Judge Wall's Report, it is hereby

**ORDERED**, that Judge Wall's Report and Recommendation is adopted in its entirety. The Court (1) enters a default judgment against the Defendant MVP as to the claims of fraudulent misrepresentation, negligent misrepresentation, breach of fiduciary duty and promissory estoppel; (2) finds that the Plaintiff has failed to establish a claim of breach of implied covenant of good faith and fair dealing against the Defendant MVP; and (3) because there are multiple defendants, defers the calculation of damages against the Defendant MVP until the case is resolved as to the non-defaulting defendants; and it is further

**ORDERED**, that the Clerk of the Court is directed to enter judgment in favor of the Plaintiff as set forth above.

**SO ORDERED.**

Dated: Central Islip, New York
September 18, 2013

_____/s/ Arthur D. Spatt_____
ARTHUR D. SPATT
United States District Judge